

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1338-11

**MIGUEL ANGEL MARTINEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH  COURT OF APPEALS
## CAMERON  COUNTY

**ALCALA, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

Appellant, Miguel Angel Martinez, filed an application for a writ of habeas corpus

following the trial court's imposition of deferred-adjudication community supervision,

alleging ineffective assistance of counsel for failure to properly advise appellant of the

deportation consequences of a guilty plea. *See* TEX. CODE CRIM. PROC. art. 11.072. After a

hearing at which appellant testified, the trial court denied relief. The court of appeals

affirmed the judgment, holding that counsel's advice that a guilty plea could result in

deportation was constitutionally sufficient. *Ex parte Martinez*, No. 13-10-00390-CR, 2011 Tex. App. LEXIS 5625 (Tex. App.—Corpus Christi, July 21, 2011) (mem. op., not designated for publication). Appellant contends that *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), requires more definite advice, namely, that a guilty plea would result in "automatic" deportation. We vacate the judgment of the court of appeals and remand to that court to address appellant's claim.

## I.  Background

Appellant, a citizen of Mexico, had been a lawful permanent resident of the United State since 1989.  In 2009, he was charged with aggravated sexual assault of his wife, with whom he had several children. *See* TEX. PEN. CODE § 22.021.

### A.  Plea Hearing

Appellant ultimately entered a guilty plea pursuant to a plea bargain.[1]  He signed a written waiver[2] that set forth, in relevant part, the general admonitions regarding possible immigration consequences as required by Texas Code of Criminal Procedure article 26.13: "I understand that a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this Country, or the denial of naturalization under federal law." *See* TEX. CODE CRIM. PROC. art. 26.13. At his plea hearing, appellant stated that he understood the waiver and that he and his counsel had discussed its contents.

---

[1]    The court of appeals's opinion and portions of appellant's petition for discretionary review state that appellant entered a plea of "no contest," but the record reveals that his final plea was "guilty."

[2]    The form was a standard, pre-printed form entitled, "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty."

The trial court accepted the plea and followed the recommendation, ordering ten years' deferred-adjudication community supervision. *See* TEX. CODE CRIM. PROC. art 42.12.

Following that pronouncement, appellant stated on the record that he was "satisfied" with his counsel's representation. He confirmed that he understood counsel's advice regarding "several consequences," including "the fact that you are not an American citizen could affect your being deported, being excluded from this country or being denied naturalization." He confirmed that he had voluntarily entered a guilty plea despite these potential consequences. A year later, appellant was ordered deported.

## B. Habeas Hearing

In March 2010, appellant filed an application for a writ of habeas corpus with the trial court claiming that his plea was involuntary because he was not properly admonished regarding the consequences that would result from pleading guilty to an aggravated felony. *See* TEX. CODE CRIM. PROC. art. 11.072. In his application, he contended that (1) the trial court's admonitions were procedurally deficient and (2) his plea counsel was ineffective because counsel never explained the contents of the waiver to him.[3]

At the habeas hearing in April 2010, appellant testified that he did not understand the written warnings because of his limited comprehension of English. He also testified that he had informed plea counsel that he feared deportation because he was not a United States

---

[3]    He also argued that, given the nature of his conviction, the federal law left him "without any relief or ability to retain his lawful residency status in the United States" and that he was "faced with the possibility of being removed from the United States, losing his lawful permanent resident status," separation from his family, and a "permanent bar" against returning to the U.S.

citizen and that counsel advised him privately "not to worry" about deportation because it was very unlikely given his background.[4] Appellant confirmed that his "priority" was "staying in the United States" in order to remain with his children. On cross-examination of appellant, the State asked, "Had [plea counsel] told you that you were going to be deported would your plea have been different," and appellant responded, "If he would have told me, well, I would have tried to look for another attorney."

Habeas counsel argued that *Padilla v. Kentucky*, which had issued about a week before the hearing, required more than the general statutory admonitions. 130 S. Ct. 1473. She contended that her "client in this case has to be told that he will be deported. It's not sufficient just to say you might be deported." She stated that there are "four basis [sic] for almost automatic deportation which is rape, murder, drug trafficking, and domestic violence, and [plea counsel] should have known to tell him you are going to be deported." In closing, she argued that

> Padilla has made it abundantly clear that we are at a different level than we were last Wednesday when it came down. . . . The [Supreme Court] has gone as far as saying that not only do you have to tell them about the criminal consequences, you have to, you have to tell them about the immigration consequences when it is a – when it is a crime that's almost like an automatic deportation.

The passage to which counsel implicitly referred states that "when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear." *Id*. at 1483.

---

[4]    Appellant had been in the U.S. since he was a minor, had no prior felony convictions, and had close family ties in the U.S.

The State's attorney countered that he did not believe that *Padilla* would apply retroactively.

The habeas judge issued his written order denying relief finding, in relevant part, that (1) appellant "voluntarily and knowingly waived his rights" and "received the statutory admonishments from the Court, including the possibility of deportation upon the entry of a plea of guilty pursuant to Article 26.13(a)(4) of the Texas Code of Criminal Procedure;"[5] (2) he "signed the plea documents," understood the admonitions, and was advised by his attorney accordingly;[6] and (3) his attorney was constitutionally effective. However, the findings did not address (1) appellant's *Padilla* claim regarding applicable advice requirements when deportation is "automatic;" (2) appellant's contention that he was prejudiced by counsel's failure to provide him more definite advice; (3) appellant's contention that he would not have pleaded guilty had he not been misadvised; or (4) whether *Padilla* would apply retroactively. Appellant appealed to the Thirteenth Court of Appeals.

**C. The Appeals**

On direct appeal, the court of appeals characterized appellant's issues as follows: "(1) the trial court failed to properly advise him on immigration consequences pursuant to Texas

---

[5]    *See* TEX. CODE CRIM. PROC. art. 26.13(a)(4) ("Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.").

[6]    At the habeas hearing, the judge found "that there was substantial compliance with the admonitions to the defendant in writing through the plea papers and corroborated by the transcript which shows that [plea counsel] asked Mr. Martinez about the – whether he understood the consequences of his plea, so I find that he did understand it."

Code of Criminal Procedure article 26.13; and (2) his defense counsel provided ineffective assistance by failing to properly advise him of the immigration consequences of pleading no contest [sic] to aggravated sexual assault." *Martinez*, 2011 Tex. App. LEXIS 5625 at *1-2 (internal citations omitted). Addressing appellant's ineffective-assistance claim, the court of appeals held that appellant's plea was voluntary based on the signed, written documents indicating that he received and understood the admonitions, as well as appellant's in-court statements that plea counsel advised him of the possible deportation consequences. *Id*. at *11. It also concluded that the habeas judge, as factfinder, was free to disbelieve appellant's testimony regarding the inaccurate advice that plea counsel allegedly gave appellant that the plea "would not have affected his immigration status." *Id*. at *11-12.

In his petition for discretionary review, appellant does not dispute that he was admonished and advised that he "may be subject to removal" and that his guilty plea "can affect" his immigration status. Rather, his sole issue argues that the court of appeals "erred when it affirmed that [plea counsel] was effective in properly advising [appellant] of the immigration consequences of pleading no contest [sic] to aggravated sexual assault." Specifically, he contends that plea counsel misinformed him that a guilty plea by a non-citizen "could" result in deportation, when federal law "would" subject him to "automatic removal." In support, he cites *Padilla*'s clear-consequence-clear-advice requirement, arguing that plea counsel's advice regarding the possibility of deportation was constitutionally deficient. *See Padilla*, 130 S. Ct. at 1483. He concludes that he was prejudiced by the error

because, "but for trial counsel's failure to advise him regarding the specific consequences of his plea, he would not have entered a plea but would have gone to trial."

## II. Analysis

An applicant seeking habeas corpus relief based upon ineffective assistance of counsel must show, by a preponderance of the evidence, that (1) his counsel's representation "fell below an objective standard of reasonableness" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Padilla*, 130 S. Ct. at 1482 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Assessing an ineffective-assistance claim challenging the sufficiency of advice regarding immigration consequences, the Supreme Court acknowledged that "[i]mmigration law can be complex" and that there would arise "numerous situations in which the deportation consequences of a particular plea are unclear or uncertain." *Id*. at 1483. It concluded, therefore, that when relevant immigration law "is not succinct and straightforward . . ., a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear." *Id*. (holding that failure to fulfill this duty constitutes "constitutional deficiency to satisfy the first prong of *Strickland*.").

Appellant presented evidence that he pleaded guilty to an offense that subjected him to mandatory deportation. The federal immigration law applicable to this case dictates that

"[a]ny alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is . . . convicted of an aggravated felony," which includes aggravated sexual assault. 8 U.S.C.S. §§ 1227 (a)(2)(A)(iii), 1101 (A)(43). Furthermore, deferred adjudication is a "conviction" if a defendant has entered a guilty or no-contest plea and has been assessed some form of punishment. *See id.* § 1101 (48)(A).

The court of appeals did not address appellant's ineffective-assistance claim as challenging the adequacy of advice regarding mandatory deportation; rather, it addressed his claim as challenging the adequacy of advice regarding possible deportation. It described his argument as contending "that his defense counsel was ineffective because counsel did not inform Martinez of the possible immigration consequences of his plea." *See Martinez*, 2011 Tex. App. LEXIS 5625, at *8. However, as he had argued at the habeas hearing, appellant argued in his direct-appeal brief that applicable federal immigration statutes subjected him to "automatic deportation" and, citing *Padilla*, argued that plea counsel had failed to provide "accurate legal advice regarding the certain consequences of his plea with respect to the charge of aggravated sexual assault." *See Padilla*, 130 S. Ct. at 1483. He stated that he was prejudiced because, had he known "that pleading to the charge would result in certain and permanent deportation," he would have not entered a guilty plea. The court of appeals did not address that argument. Although the court cited *Padilla* for the general proposition that "counsel must inform a client whether his plea carries a risk of deportation," it did not discuss *Padilla*'s clear-consequences-clear-advice requirement nor decide whether counsel's

advice fell below that standard in this case. *Martinez*, 2011 Tex. App. LEXIS 5625, at \*9; *Padilla*, 130 S. Ct. at 1483. Because the court of appeals did not resolve appellant's *Padilla* clear-advice issue, and because that issue is necessary to final disposition of his appeal, we hold that the court of appeals erred in failing to address it. *See* TEX. R. APP. P. 47.1 (court of appeals must hand down written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of appeal); *Keehn v. State*, 233 S.W.3d 348, 349 (Tex. Crim. App. 2007) (per curiam).

We remand this case to the court of appeals with instructions to obtain further findings of fact and conclusions of law from the trial court. In 11.072 cases, the trial court has statutory duty to *sua sponte* enter findings of fact and conclusions of law. TEX. CODE CRIM. PROC. art. 11.072, § 7(a) ("[T]he court shall enter a written order including findings of fact and conclusions of law."); *Villanueva v. State*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008). We have held that, when a trial court has entered "specific findings and conclusions *sua sponte*" that the court "deemed 'essential' to its ruling," it "assumed an obligation to make findings and conclusions that were adequate and complete, covering every potentially dispositive issue" in the matter. *State v. Elias*, 339 S.W.3d 667, 676-77 (Tex. Crim. App. 2011) (requiring entry of specific findings of fact as to witness's credibility in suppression proceeding). When a trial court fails to enter adequate findings with respect to a dispositive issue, the court of appeals should remand to the trial court for entry of additional findings. *Id*. (explaining that trial court's failure to enter adequate findings "is remediable by way of

Miguel Angel Martinez - 9

retroactive findings and conclusions on remand," citing TEX. R. APP. P. 44.4).  This avoids improper "appellate speculation" and assures appellate review that is "based upon the actual findings of the judicial entity to which the fact findings function is institutionally assigned—the trial court." *Id*. at 677.[6]

In its order denying relief, the trial court found that counsel was "constitutionally effective" because he advised appellant regarding "possibility of deportation." But it did not render findings as to appellant's *Padilla* clear-advice claim, in support of which he presented evidence at the habeas hearing.  More specifically, the trial court's findings of fact fail to show whether (1) appellant's testimony was credible; (2) plea counsel admonished appellant that he would be deported following his plea of guilty to this offense; and (3) appellant would have pleaded guilty had he known he would be deported. *See Elias*, 339 S.W.3d at 676. Furthermore, the trial court made no conclusion of law concerning the retroactivity of *Padilla* against which the State argued at the hearing.[7] Because the trial court is required to make findings that are adequate and complete, and because it failed to render all findings necessary to the resolution of this case, the court of appeals must remand to the trial court for entry of additional, specific findings. *See id*.

---

[6]     *See also* TEX. CODE CRIM. PROC. art. 11.072, §§ 6, 7; *Garcia*, 353 S.W.3d at 789 (trial court's credibility findings owed almost total deference); *State v. Cullen*, 195 S.W.3d 696, 698 (Tex. Crim. App. 2006) (absence of express findings leave appellate courts in the "undesirable position of having to make assumptions about the reasons for the trial court's decision" and having to "infer facts from an unexplained ruling").

[7]     *See, e.g.*, *Chaidez v. United States*, 655 F.3d 684, 694 (7th Cir. 2011) (holding that *Padilla* does not apply retroactively to cases on collateral review), *cert. granted*, No. 11-820, 2012 U.S. LEXIS 3335 (Apr. 30, 2012).

### III.  Conclusion

We grant appellant's petition for discretionary review, vacate the judgment of the court of appeals, and remand to that court for proceedings consistent with this opinion.

Delivered:  May 16, 2012

Do Not Publish

Miguel Angel Martinez - 11